**TODD et al. v. VIGE.**

No. 1016.

Court of Appeal of Louisiana. First Circuit.

June 30, 1932.

Debaillon & Meaux, of Lafayette, for appellant.

Mouton & Davidson, of Lafayette, for appellees.

ELLIOTT, J.

Herbert R. Todd claims of Lise Vige $255 as damages to his automobile and Mrs. Odell Ingram Todd, his wife, claims of him $250 on account of personal injuries received by her in an automobile collision between her husband's car which she was driving and an automobile belonging to and while being driven by said Vige.

The plaintiffs allege that petitioner Mrs. Todd, while driving her car in a northerly direction on Cherry street in the city of Lafayette carefully and with due regard to the traffic and the use of said streets and the safety of the public, was run into and her car overturned and damaged by an automobile

belonging to and while being driven by said Vige after she had entered the intersection of Calder street; that said Vige was driving his automobile eastward at the time on Calder street, and recklessly and negligently drove into her automobile, causing it to overturn, damaging it, and reducing its value by $255.

The petitioners further allege that petitioner Mrs. Todd suffered bruises, mental anguish, and nervous shock as a result of the overturning, and she claims for herself $250 on that account, a total of $505.

Defendant admits that a collision occurred between him while driving his car and Mrs. Todd while driving her husband's car, at the time and place alleged; but denies the negligence, reckless driving, and fault alleged against him. He alleges that he was the first to enter the intersection; that Mrs. Todd entered it after he did, driving carelessly and negligently at a high rate of speed, greatly in excess of the speed limits of the city of Lafayette, in disregard of his presence; that the accident was due solely and entirely to the fault and negligence of Mrs. Todd.

He denies that he was guilty of any negligence or fault, but, in the event it be found otherwise, he then, in that event, alleged that Mrs. Todd was guilty of negligence, carelessness, and fault in the way stated, and that her negligence, fault, and carelessness brought about the accident, and that plaintiffs cannot recover on that account.

The lower court found as a fact and states in the judgment rendered that plaintiff's car entered the intersection first, in point of time, and that defendant did not take advantage of the last clear chance.

Judgment was rendered in favor of the plaintiff H. R. Todd and against the defendant Lise Vige for $250 on account of the damage done to his car, but the demand of Mrs. Todd against him on account of personal injuries, by her received was refused and rejected. Defendant has appealed.

Mrs. Todd, although one of the plaintiffs in the suit, did not appeal from the judgment rejecting her demand, but filed in this court an answer to the appeal taken by defendant, and prays that the judgment appealed from be amended in her favor, awarding her judgment against the defendant for $250 as prayed for in the lower court.

The conclusion we have reached on the appeal renders formal action on her answer unnecessary.

Mr. Todd was not in his car, nor present. It was being driven by Mrs. Todd.

The parties, plaintiff and defendant, both claim to have reached and entered the intersection first, in point of time. The defendant contests the finding of the lower court on the subject.

Mrs. Todd questioned on the subject says:

"Q. Where were you with reference to the intersection of Calder and Cherry streets at the time you saw Mr. Vige? A. I was in the center of the intersection.

"Q. Where was Mr. Vige? A. I don't know.

"Q. Had he entered the intersection? A. I don't know. He seemed near.

"Q. Mrs. Todd, are you certain that you had gotten into the intersection before the accident happened? A. I am positive that I was."

She marked a plat with the letter "B" as indicating the place where her car was at the time of the impact. According to the mark which she made, she had crossed the intersection at the time of the impact. She testifies that Mr. Vige gave no warning of his approach; that she was driving at the time between 15 and 20 miles an hour, approximately 20 miles an hour.

Mrs. Todd does not claim in her testimony that she was the first to enter the intersection, and admits driving at a speed which was faster than the speed ordinance of the city permitted. She was shown to have said soon after the accident that she did not believe that either saw the other much before the accident. Evidently Mrs. Todd was not looking carefully to the right and left at the time in question. The plaintiffs did not prove by any direct evidence that Mrs. Todd was the first to enter on the intersection. All the direct evidence is that defendant was the first to enter.

Mr. Hammon, called as a witness, lives close by. He did not see the collision, but reached the scene of the accident very shortly after it had occurred. He says that Mr. Vige said in his presence at the place that he was not financially able to buy another automobile.

Mr. Hammon examined the tracks of the two automobiles, and says that the tracks indicated that Mrs. Todd had almost crossed the intersection at the time of the impact. And Mr. Chatterton, who did not see the actual impact but saw the dust thereby caused and plaintiff's car rise up, immediately went to the place, and testified that according to the tracks Mrs. Todd had practically crossed the intersection at the time. But there were other marks which tend to support an inference that the impact may have occurred at a place claimed by defendant. A lady in the car with Mrs. Todd was unable to throw any light on the subject.

Mr. Vige, the defendant, testifies that he was the first to reach and enter the intersection; that, seeing the near approach of Mrs. Todd and her speed, he stopped his car, and his car was struck after he had stopped.

His testimony is directly and positively supported by a young lady living at the corner of

the intersection and apparently disinterested in the result of the case. According to the defendant and this young lady, the fault for the accident must be placed on Mrs. Todd. The preponderance of the proof supports the defendant on the question of fault, and the plaintiff cannot recover, unless the defendant had the last clear chance to avoid the accident and did not avail himself of it. The defense that plaintiff was driving faster than permitted by the speed ordinance of the city of Lafayette and that her violation of same was the cause of the collision, is to our mind fully established.

The speed ordinance of the city of Lafayette offered in evidence by defendant provides:

Section I—A. "Be it ordained by the Board of Trustees of the City of Lafayette in regular session assembled, that no automobile or other motor vehicle shall be driven on the streets of the city of Lafayette at a greater speed than at the rate of 12 miles an hour."

The evidence shows that Cherry street is 31 feet and 4 inches wide and runs north and south. Calder is 28 feet and 6 inches wide and runs east and west. The evidence does not enable us to say whether these widths are in between the curbing or sidewalks, or represent the full width of the streets, sidewalks included. But, take the view most favorable to the plaintiff, that the widths mentioned is that in between the sidewalks, banquettes, or curbing, the widths are still such that careful driving required that the speed ordinance be observed by all motor vehicles entering the intersection. This speed ordinance was evidently intended to protect life and property, and we have no authority to disregard it.

We are satisfied from the evidence on the subject that Mrs. Todd was driving at between 25 and 30 miles an hour at the time in question which is more than twice as fast as the city authorities deemed proper to permit.

Her speed increased the danger which the municipal authorities must be deemed to have taken into account and fixed on the fastest speed consistent with safety. Until the ordinance is set aside, its speed limit must be recognized as the proper speed on the streets.

The defendant testifies that he was driving at between 10 and 15 miles an hour at the time, and that he did not see Mrs. Todd until she was entering the intersection, that upon seeing her he immediately applied his brakes, stopped his car, and that she struck his car after it had been stopped.

A young lady living at the corner of Cherry and Calder streets, therefore close to the scene, testified that she was looking at both cars at the time. She firmly supports Mr. Vige in his claim that he was the first to enter the intersection and that he was driving slow, not faster than the speed limit permits; that he had stopped his car at the time he was struck, and that Mrs. Todd was driving too fast and struck Mr. Vige's car.

We had occasion to consider in McGehee v. Ashley, 18 La. App. 393, 137 So. 80, the effect that should be given to a city ordinance which required those using a certain street to stop at a certain intersection. The stop ordinance had for its purpose the protection of life and the safeguarding of property.

We held that such an ordinance having in mind such a purpose must be obeyed, and that it was negligence for a party to fail to stop as required, citing Jones v. New Orleans Ry. & Light Co., 123 La. 1060, 49 So. 706, and to which we now add Blanco v. New Orleans Ry. & Light Co., 140 La. 694, 73 So. 774, and Mathes v. Schwing, 169 La. 272, 125 So. 121. See, also, Belden v. Roberts, 3 La. App. 338 and Johnston v. Jahncke Service, Inc., 7 La. App. 348.

Applying the requirement of the city ordinance to the present case and the evidence showing the speed at which Mrs. Todd was driving at the time in question, and giving effect to the evidence that Mr. Vige was the first to reach and enter the intersection in question and that Mrs. Todd never checked her speed and apparently never looked to the right or left, and never saw the Vige car until she struck it, the last clear chance doctrine has no application.

The judgment appealed from is contrary to the law and the evidence, and is therefore erroneous. The demand of the plaintiff must be rejected.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and the demand of the plaintiffs Mr. and Mrs. Todd against the defendant Lise Vige is rejected at their cost in both courts.

This action on our part makes it unnecessary to consider Mrs. Todd's answer to defendant's appeal.

MOUTON, J., recused.