195 So.2d 674 (1967)
Raoul GROS
v.
HOUSTON FIRE & CASUALTY INSURANCE COMPANY et al.
No. 6859.
Court of Appeal of Louisiana, First Circuit.
January 30, 1967.
Rehearing Denied March 13, 1967.
Writ Refused May 4, 1967.
H. H. Foster, III, of Bienvenu & Culver, New Orleans, for appellant.
Risley C. Triche, of Triche & Sternfels, Napoleonville, for appellees.
Before LOTTINGER, REID and SARTAIN, JJ.
*675 REID, Judge.
This cause involves an accident occurring in the Town of Napoleonville, Louisiana, on February 21, 1964 between 7:00 and 7:30 p. m. The accident occurred near the intersection of Jefferson Street and Louisiana State Highway No. 1, the said intersection forming a "T". The plaintiff, Raoul Gros, was struck by an automobile owned by Mrs. Aubert L. Talbot and being driven at the time of the accident by Miss Anne Foley, now Mrs. Anne Foley Menuet. The automobile was insured by Marquette Casualty Company. The defendant herein, Houston Fire and Casualty Insurance Company was the insurer of several automobiles owned by Miss Foley's mother, Mrs. William J. Foley, one of these automobiles being a Dodge Dart provided for the use of Miss Foley. At the time of the accident Miss Foley was an unwed minor and a resident in the household of her mother.
The plaintiff, a pedestrian, was coming from the combination cafe-service station on the southwest corner of the intersection and while attempting to cross Jefferson Street from the south to the north was struck by the automobile driven by Miss Foley. Miss Foley had been driving from south to north and was in the process of executing a left turn onto Jefferson Street. The accident occurred during the hours of darkness and the weather was overcast and cloudy and the atmosphere misty from the recent rain.
In the Trial Court the plaintiff alleged that Mrs. Anne Foley Menuet failed to accord the plaintiff right of way and failed to keep the proper lookout, all of which was the proximate cause of the accident. The defendant pled contributory negligence and last clear chance and also raised the question of coverage of averring that the automobile operated by Miss Foley was owned by Mrs. Aubert L. Talbot and insured by policy of liability insurance issued by Marquette Casualty Company at the time of the accident and that this policy of insurance was primary and, therefore, any coverage afforded by Houston Fire and Casualty Insurance Company would be excess over and above the limits of liability of the Marquette policy. Judgment was rendered February 15, 1966 in favor of the plaintiff, Raoul Gros and against the defendant, Houston Fire and Casualty Insurance Company in the sum of $8,736.00, itemized as follows:

 Medical $ 334.00
 Eye glasses 61.00
 Clothing 41.00
 Loss of wages, 16 weeks at approximately
 $50.00 per week 800.00
 Pain and suffering 5,000.00
 Loss of future earnings 2,500.00
 ________
 Total $ 8,736.00

From this judgment appeal was taken by the defendant, Houston Fire & Casualty Insurance Company.
The plaintiff, Raoul Gros, filed an answer to the appeal and alleged therein that the judgment in the amount of $8,736.00 was inadequate and should be increased to a total amount of $16,604.93, together with interest and costs and an expert witness fee in the amount of $100.00.
The defendant-appellant specified the errors of the Trial Court as follows:
1. "The Trial Court was in error in failing to hold that Houston's policy was excess to that of Marquette and not applicable in the instance case."
*676 2. "The Trial Court was in error in failing to hold that the automobile of Mrs. Talbot was furnished for the regular use of Mrs. Anne Foley Menuet and no coverage was afforded to Houston's policy."
3. "The Trial Court was in error in failing to hold that Mrs. Anne Foley Menuet was not guilty of negligence."
4. "The Trial Court was in error in failing to hold the plaintiff guilty of contributory negligence."
5. "The Trial Court was in error in its application of the doctrine of last clear chance. Case cited and relied upon not in any way being analagous to the facts and situation before the court."
6. "In the alternative, the award of damages is excessive and portions thereof are based upon speculation, conjecture and surmise."
The first question to be decided in this case is whether the policy of Houston Fire & Casualty Insurance Company was excess to that of Marquette and therefore, not applicable. Under the insurance policy issued by Houston Fire & Casualty Insurance Company under the "other insurance" clause, "It is provided that the insurance coverage afforded with respect to a `nonowned' automobile' shall be excess insurance over any other valid and collectable insurance." There is no question but that the automobile driven by Miss Foley was a "non-owned automobile", and the law is well settled that under ordinary circumstances the policy of Marquette Casualty Company would afford primary coverage and the policy of Houston Fire & Casualty Insurance Company would be excess coverage. It is the contention of the defendant, Houston Fire & Casualty Insurance Company that since the time of the accident, February 21, 1964, the Marquette Casualty Company was in full operation filing and paying all claims against it and was not placed in rehabilitation until January of 1965, the insurance policy issued by Marquette Casualty Company was "valid and collectable" at the time of the accident and subsequent rehabilitation does not make the policy of Houston Fire & Casualty Insurance Company primary. This is based upon the contention that the rights of the parties are fixed at the time of the accident and are not controlled by any subsequent developments. In support of this the defendant-appellant cites the case of Friedfeld v. Royal Indemnity Company, 167 So.2d 586 decided by the District Court of Appeal of Florida, Second District. In that case, one of two insurance policies apparently became uncollectable through the failure of the insured to furnish time and notice of the accident claimed. It was held by the Florida Court that "collectability" at the time of the accident is what was meant by the policy provision and that both policies were therefore "valid and collectable", within the meaning of the other insurance clauses in the policies. This case is, however, readily distinguishable from the case at bar. In the Friedfeld case both policies of insurance were at all times legal and valid, but one of the policies was made uncollectable only through the negligence of the insured in failing to furnish timely notice of the accident in accordance with the terms of the policy. In the case at bar the policy was made uncollectable through no fault of the insured, but only through the rehabilitation of Marquette Casualty Company. In fact, the Court in the Friedfeld case apparently recognized the difficulties and inequities which could arise from the decision and qualified its holding specifically stating, "The pro rata clause, in referring to `valid and collectable' insurance is directed to a policy which is legal and valid, as distinguished from one which is invalid such as for fraud, or uncollectable such as for insolvency". This court must hold, therefore, that the phrase "valid and collectable" with regard to the primary insurer is to be determined not by the conditions and existence of the time of the accident, but by those conditions existing at the time of judgment where the primary *677 insurance policy is rendered uncollectable by reason of the insolvency of the insurer.
The next question to be determined is whether under the facts of this case Mrs. Talbot's automobile was furnished for the regular use of Miss Foley, thereby relieving the Houston Fire & Casualty Company from liability under its "non-owned automobile" coverage. In finding that Mrs. Talbot's automobile was not furnished for the regular use of Miss Foley the Trial Judge stated as follows:
"The record reflects and the court knows of its own knowledge that such is simply not a fact. At the time of the accident Mrs. Talbot owned a personal car and had been the owner of one for years, but she had never driven an automobile. At the time Mrs. Talbot's family consisted of eight children and some twenty-three grandchildren. The record shows and, as stated above, the court knows of its own knowledge, that this automobile was maintained for Mrs. Talbot's convenience and service. Both her children and her grand-children on many occasions drove the car in order to transport Mrs. Talbot for visits and the like, likewise, drove the car to perform errands for Mrs. Talbot and likewise, were loaned the automobile for brief periods of time for their own pleasure by Mrs. Talbot. This vehicle was used from time to time by the various children and grandchildren both for their use and for Mrs. Talbot's use and benefit. It was made available to them either at the request of Mrs. Talbot to drive her, or to drive the vehicle for her, or at their request as the occasion may have demanded. Under no stretch of the imagination was the vehicle ever furnished for the `regular use' of either of the grandchildren or children, Mrs. Anne Foley Menuet included, and the court finds this defense to be completely without merit."
Since this is largely based upon a finding of fact this Court will not overturn the finding of the Trial Judge there being no manifest error.
This brings us to a consideration of the merits of the case. This necessarily calls for a discussion of the negligence of Miss Foley, the contributory negligence of the plaintiff, Mr. Gros, and the applicability of the doctrine of last clear chance as a defense to the plaintiff's contributory negligence. As to the negligence of Miss Foley, there can be little doubt that she was in fact negligent in attempting to execute a left turn without looking before doing so. This fact is borne out by Miss Foley's testimony on the trial of the case. Miss Foley testified as follows:
"Q. Now, Anne, when you stopped there, did you look down Jefferson Street before you made your turn?
A. Before I turned?
Q. Yes.
A. No.
Q. You recall hitting Mr. Raoul Gros when you made that turn?
A. Yes.
Q. When was it you first saw him?
A. I didn't see him.
Q. You didn't see him at all?
A. No.
Q. You didn't know you had hit him until after the accident?
A. No, sir.
Q. What caused you to stop your car?
A. I heard something hit the bumper of the car.
Q. And you hadn't seen him at that time?
A. No."
By the same token there is no doubt that the plaintiff, Mr. Gros was also negligent, his negligent acts consisting of crossing Jefferson *678 Street at a point other than the unmarked pedestrian crosswalk, and also crossing at such time that he could reasonably have foreseen the danger of his actions. This case must, therefore, turn upon the doctrine of last clear chance.
As a defense to the allegations of negligence on the part of Miss Foley the defendant, Houston Fire & Casualty Insurance Company relies heavily upon the fact that the plaintiff violated a Town ordinance by crossing at a point other than the pedestrian crosswalk and in failing to yield the right of way, this ordinance being in compliance with Louisiana Revised Statutes 32:213. This, however, does not defeat the plaintiff's cause of action, it being well settled that the violation of the ordinance does not in itself prevent recovery under the last clear chance doctrine. Blashfield-Cyclopedia of Automobile Law and Practice, Vol. 1, Section 65.13, see also Todd v. Vige, La.App., 142 So. 802, and Boullion v. Bonin, La.App., 2 So.2d 535, followed in Motty v. Bonin, La.App., 2 So.2d 541.
The next point to be determined with regard to doctrine of last clear chance is whether the plaintiff was in fact in a position of peril, which he could not escape by ordinary care. The counsel for the defendant attempts to negate the fact that the plaintiff was in a position of peril by claiming that he could have pressed himself against the side of automobiles parked against the curve or could have stood on the bumpers. However, he was unable to elicit such testimony from the plaintiff and failed to prove this point, relying simply upon his own opinion.
The counsel for defendant next contends that the doctrine of last clear chance is not applicable in this case since in order for the doctrine to apply the defendant must have seen or have been in such a position that she should have seen the plaintiff. That under the circumstances of darkness, the so called "light barrier", and the dark clothes of the plaintiff Miss Foley was unable to observe him. However, this so called light barrier appears in the record only in regard to the opinions or statements made by the counsel for the defendant and there was no evidence introduced to bear out his theory that such a light barrier existed. On the other hand, it appears from the evidence that the corner was in fact well lighted there being two street lights on Louisiana State Highway No. 1 within close proximity to the intersection and another some fifty feet down Jefferson Street. It was also noted by this Court, in Exhibit D-3, a photograph, that one corner of the intersection was occupied by the combination cafe-service station, and that the concrete apron of the service station was apparently well lighted as flood lights were apparent in the said exhibit. It, therefore, seems apparent that Miss Foley could have, by the exercise of due care, acquired knowledge that the plaintiff, Mr. Gros, was in a position of peril and that appropriate action on her part could avoid the injury of Mr. Gros. Conceding that the motorist cannot be held liable in the last clear chance doctrine where his view is obstructed or that conditions of darkness or the plaintiff being dressed in dark clothes it is apparent from the record that none of these conditions actually existed and that in fact the corner was well lighted.
The counsel for the defendant next contends that Miss Foley did not have an opportunity to avoid the accident, which, if true, would prevent the application of last clear chance doctrine. The counsel for defendant cites numerous authority all to the effect that in cases where the defendant was unable to avoid the accident because of the lack of time after discovering the peril, that the doctrine of last clear chance does not apply. This Court agrees with the holdings of the cases cited by the counsel for defendant, but we feel that these cases do not apply to the case at bar as they are easily distinguishable. In the cases cited by the counsel for the defendant, it was clear that the defendants therein had little or no time to avoid the accident once they had discovered the peril. In the case at bar, however, *679 it is our opinion that by maintaining a reasonable lookout Miss Foley could have apprised herself of the fact that Mr. Gros was crossing the street and due to the fact that she was driving at a low rate of speed, she could easily have prevented the accident.
This brings us to the question of damages. In the opinion of this court the judgment of the Lower Court in awarding damages in the amount of $8,736.00, together with interest and costs and an expert witness fee of Dr. Nelson A. Cox for $100.00, is neither excessive nor inadequate, there being nothing to indicate that the Trial Judge abused his discretion.
The judgment of the Trial Court is therefore affirmed.
Affirmed.