MILLER, Judge.
Dona Jean Shackleford, a four year old child, ran from a store located in the middle of the block between two parked automobiles into the street, and was struck by a car being driven by Mrs. Joe Baio. Dona Jean’s natural parents, Conroe and Adlene Shackleford, filed this suit to collect damages for her medical expenses and injuries from United States Fidelity and Guaranty Company, liability insurer of the Baio car.
Plaintiffs appealed from an adverse judgment.
*244 The accident occurred on Turner Street in the City of Alexandria, Louisiana. This street is paved to a width of 36 feet and runs approximately east and west. It is not heavily travelled. Mrs. Baio turned onto Turner Street just one-half block west of the site of the accident and was going east when the accident occurred.
Bradley’s Grocery Store is located on the south side of Turner Street, in the middle of the block between Harris and Wise Streets. This store is attached to a small frame house and the front of the store is .adjacent to the sidewalk. At the time of the accident there were two vehicles parked close to and on the side of the street closest to Bradley’s Store. Two children came out of the grocery store, went between these two parked vehicles and straight across the street.
The accident happened in the middle of the block in front of this small grocery store. The four year old child nicknamed “Little Bit” was accompanied by Ula Mae Hines, a child about ten years old. Ula Mae testified that she was holding “Little Bit’s” hand until shortly before the accident. They were returning to Little Bit’s home and the children never looked to the left (west), the direction from which Mrs. Baio was coming.
While the witnesses do not agree on all details, they are in accord that the children ran out of the store, or came out fast, and that they went into the street from behind the car parked closest to the store. All agree that Mrs. Baio was driving slowly and that she stopped her car almost immediately after the children came into her view.
Her car came to rest with the rear end only eight feet east of the back end of the parked car which was heading west (parked on the wrong side of the street) just west of the front door of Bradley’s Store. The four year old child was down in the street approximately three feet behind the right rear end of her car. The right rear wheel of Mrs. Baio’s car was seventeen feet north of the south curb (and about ten feet north of a line parallel to the cars parked on the south side of Turner Street) and the left front wheel was eleven feet south of the north curb of Turner Street. There were no cars parked along the north curb in the vicinity of the accident. A small amount of blood was found immediately behind the right rear of the car, but no mark of any kind was found on Mrs. Baio’s car to show which part of her car struck the child.
Although two of plaintiffs’ witnesses testified that the right front headlight of Mrs. Baio’s car struck the four year old child, we agree with the trial court’s conclusion that this fact was not clearly established. One of these two witnesses was the ten year old child who ran in front of the vehicle and whose testimony is somewhat difficult to comprehend. The other witness to so testify was Mrs. Dorothy Gillion, but she did not see the ten year old child prior to the accident. And this older child was, according to plaintiffs’ version of this accident, holding the four year old’s hand until just before the accident. Mrs. Gillion also made it abundantly clear (Tr. 73) that the four year old child ran into the street from a position behind the parked car and that the child never stopped until Mrs. Baio’s car hit her.
Mrs. Baio did not see the four year old child until she got out of her car after the accident. She saw the older child come “flying” in front of her car and jammed on her brakes and swerved to the left. She testified that prior to this time she was in her own proper lane of traffic.
It is appellants’ contention that the four year old child was stopped in the middle of the street when the older child ran across the street to safety and that Mrs. Baio should have seen this child in this position in time to avoid striking the child. This contention is not supported by the facts. On the contrary every witness that testified as an eye witness to the accident, testified that “Little Bit” ran or moved quickly from the front door of the grocery store *245 straight into the street to the point where she was struck by the car.
Additionally, appellant contends that Mrs. Baio was negligent in failing to observe the smaller of the two children and particularly in failing to realize that she had struck the child. He also forcefully argues that since the point of impact with the child did not occur until the child was approximately half way across this 36-foot wide street, Mrs. Baio should have seen the child.
We find no error in the trial court’s conclusion to the contrary. Plaintiffs’ witness, Mrs. Doristeen George, was walking in a westerly direction on the sidewalk which parallels the south side of Turner Street, toward Bradley’s Store, and saw some of the events leading up to the accident. The first time that she saw the little child was when the rear wheels of Mrs. Baio’s car ran over the child’s legs. However, she saw the “biggest girl” run out of the grocery and “dash” right across the street. She saw Mrs. Baio jam on her brakes and turn to the left in an effort to miss the oldest child. She also testified that Mrs. Baio’s car was approaching “very slowly”.
Under these facts the trial court correctly held that Mrs. Baio was free of negligence contributing to the accident. Approaching at a speed of 12 to 18 miles per hour and able to bring her vehicle to a stop quickly, as she in fact did, she could not reasonably have forseen that two till then invisible children would come from behind a parked vehicle dashing into her path at a time when she could not avoid striking one of the children. Goff v. Carlino, La.App. 3rd Cir., 181 So.2d 426, and cases cited therein. See also Carbo v. Houston Fire and Casualty Insurance Company, La.App. 1st Cir., 208 So.2d 364 and cases cited therein.
The only case relied on by appellant is the case of Gros v. Houston Fire & Casualty Insurance Company, La.App. 1st Cir., 195 So.2d 674, which applied the doctrine of last clear chance after finding that the driver should have seen the pedestrian in time to avoid the accident. We distinguish that case in that here, the driver did not have time to react to the sudden emergency presented by these two children dashing from a hidden position in front of her car.
For these reasons, the judgment of the trial court is affirmed, appellant to pay all costs of court.
Affirmed.