WATKINS, Judge.
On October 21, 1988, Carolyn Gurley and Wenda Holmes were passengers in a vehicle owned by Ms. Holmes and driven by Caroline Fisher when it collided with another vehicle. Ms. Gurley and Ms. Holmes sued, among others, Ms. Fisher and her insurer, Certified Lloyd’s Plan (Certified Lloyd’s). They also sued Ms. Holmes’s insurer, Champion Insurance Company. Because Ms. Fisher was driving a non-owned vehicle, the ordinary order of the liability policies would have been: Champion, primary; followed by Certified Lloyd’s, secondary.
Champion was declared insolvent on June 5, 1989. As a result of Champion’s insolvency, the Louisiana Insurance Guaranty Association (LIGA) has responsibility under the Champion policy, consistent with LIGA’s statutory rights and duties.
LIGA filed a motion for summary judgment seeking, inter alia, a declaratory judgment naming Certified Lloyd’s as primary insurer instead of Champion/LIGA. Summary judgment was denied by the trial judge, and LIGA sought a writ of review to this court. By order dated April 29, 1991, we denied LIGA’s writ application. LIGA then submitted a writ to the Louisiana Supreme Court. On June 14, 1991, 581 So.2d 669, that court remanded the case to us for briefing and an opinion.
*1201 At the time of the accident, LSA-R.S. 22:1386(1) provided as follows:
Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this Part shall be reduced by the amount of any recovery under such insurance policy-
Initially, LIGA poses the question of whether the above quoted statute changes the “usual order” of liability policies, the usual order being that the Champion policy would be primary because it covered the automobile, and the Certified Lloyd’s policy would be excess because it covered the driver of a non-owned vehicle.
In this particular case there is a provision in the Certified Lloyd’s policy which must be considered. The provision states:
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. (Emphasis supplied.)
The Louisiana Supreme Court considered identical language in the case of Nasello v. Transit Cas. Co., 530 So.2d 1114 (La.1988). The court held that the primary insurer’s insolvency eliminated any other collectible[1] insurance and that the other insurer could not claim the benefit of its excess insurance clause. The result in Na-sello was to make the solvent insurer, Great Northern Insurance Company, responsible for first dollar coverage instead of LIGA as representative of the previously primary but insolvent insurer.
Nasello is dispositive of the instant case. We hold that the status of Certified Lloyd’s as excess insurer is eliminated by the insolvency of Champion. Certified Lloyd’s “drops down” to provide first dollar coverage in place of Champion or LIGA.
Next, we must determine whether our decision on the “drop down” issue allows us to dismiss LIGA from this lawsuit pursuant to its motion for summary judgment. Both the Champion and Certified Lloyd’s policies contain limits of $10,000 per person and $20,000 per occurrence. With Certified Lloyd’s dropping down to provide first dollar coverage, the question becomes one of giving the proper credit: is LIGA entitled, as a matter of law, to a credit for the entire Certified Lloyd’s policy with that credit eliminating LIGA’s potential liability to the plaintiffs?
We believe that LIGA is entitled to a credit according to our interpretation of LSA-R.S. 22:1386(1). We find that the language of the statute is clear: “Any amount payable on a covered claim under this Part shall be reduced by ... any recovery_” The Certified Lloyd’s policy limits must be credited against the Champion policy limits, leaving zero liability on the part of LIGA. This result is not only consistent with the statutory provision in effect at the time of the accident sued upon, but it is specifically mandated by a later amendment to LSA-R.S. 22:1386(1). By Act 130 of 1990 the legislature added the following sentence to the provision: “Any amounts payable by such other insurance shall act as a dollar-for-dollar credit against any liability of the association under this Part.” We do not view the 1990 amendment as a change in the law, but as a clarification of the provision for crediting the potential liability of *1202 LIGA. Accord, Cooper v. Huddy, 581 So.2d 723 (La.App. 1st Cir.), writ denied, 585 So.2d 552 (La.1991).
For the foregoing reasons, the writ is granted; we reverse the trial court’s denial of LIGA’s motion for summary judgment, we render judgment in favor of LIGA dismissing it from this law suit, and we remand the case for further proceedings between the remaining parties. Costs of this writ are to be allocated by the trial court upon final judgment on the merits.
REVERSED, RENDERED IN PART, AND REMANDED IN PART.
CARTER, J., concurs with reasons.

. Certified Lloyd’s contends that the collectibility of the other insurance should be determined as of the date of the accident. We disagree. It is well settled that the term "collectible” with regard to the primary insurer is to be determined not by the conditions of solvency or insolvency in existence at the time of the accident, but by the conditions existing at the time of the judgment where the primary insurance policy is rendered uncollectible by reason of the insolvency of the insurer. Backhus v. Transit Cas. Co., 549 So.2d 283 (La.1989), citing Gros v. Houston Fire & Casualty Insurance Co., 195 So.2d 674 (La.App. 1st Cir.), writ denied, 250 La. 644, 197 So.2d 898 (1967). The fact that the instant case has not proceeded to judgment does not make the date of the accident the determinative date.