SCHOTT, Chief Judge,
concurring.
I subscribe to the reasoning of the Third Circuit in Prejean v. Dixie Lloyds Ins. Co., 602 So.2d 764 (La.App. 3rd Cir.1992), rather than that of the First Circuit in Gurley v. Fisher, 598 So.2d 1199 (La.App. 1st Cir.1992). The statutory scheme is for LIGA to stand in the shoes of the insolvent insurer. In this case the first payments were due by Williams liability insurer, Protective. LIGA should assume this liability before calling into play the underinsured motorist carrier, Louisiana Farm Bureau. It makes no sense to credit LIGA with payments made by Farm Bureau under the circumstances of this case. Hopefully, the Supreme Court will resolve this conflict among the Circuit Courts of Appeal.